BELSOME, J.,
concurring with reasons.
|,I respectfully concur in the result reached by the majority. However, I write separately to address Section 84-107 of the Municipal Code of the City of New Orleans with respect to the Landmarks Designation Procedure. While Appellant conceded that he received actual notice of the proposed designation, Section X(A)(4) provides that in addition to notice by registered mail to the property owner, “[t]he Commission shall also cause notice of the proposed designation to be published at least once at least thirty (30) days prior to the public hearing in the official journal of Orleans Parish and shall post notice of the hearing in the place where the Commission meets, and in addition, such notice may be also published in a newspaper having general circulation in Orleans Parish.” (Emphasis added).
Thus, pursuant to the above language, I cannot agree that Section X(A)(4) is redundant and/or unnecessary. However, I concur with the majority’s finding that because Appellant received actual notice and neither alleged nor proved that he was in any way prejudiced by the alleged failure to publish the proposed designation in the official journal thirty days prior to the hearing,[1] the trial court did not abuse its discretion in this case.

. Appellees assert that although no documentation of a 30-day notice in the official journal of the February 11, 2010 hearing exists in the record, notice of the landmark hearing was delivered to Appellant on February 4, 2010 pursuant to La. R.S. 42:7(b)(l), and that notice of the agenda and meeting was posted on the HDLC's website, as evidenced by a website change form included in the record as an exhibit and dated January 28, 2010.